United States District Court
Southern District of Texas
**ENTERED**
September 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAH PAUL LISTERMANN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-3273 |
| | § | |
| JAMES J. ARCENEAUX, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Jeremiah Listermann moves for voluntary dismissal without prejudice of his complaint against James Arceneaux, Jr. and his employer Jensen Tuna, LLC. FED. R. CIV. P. 41(a)(2). The complaint alleges that negligence causing a vehicle collision between Listermann and Arceneaux occurred in Harris County, Texas. (Docket Entry No. 1). Listermann filed his complaint in Texas state court before Arceneaux properly removed it. (*Id.*). Listermann has stated his intent to refile his complaint in Louisiana should the court grant his motion. (Docket Entry No. 6 at 2–3). Arceneaux responds that: (1) the court should dismiss Listermann's complaint with prejudice because he has given an insufficient explanation for refiling in Louisiana; or (2) a dismissal without prejudice should be conditioned on awarding Arceneaux attorney's fees and costs. (Docket Entry No. 7 at 2–5).

Based on the motion, the response, the reply, the record, and the applicable law, the court grants Listermann's motion to dismiss without prejudice. The record does not show that Listermann unduly delayed in filing the motion to dismiss or that the litigation progressed so much in this district as to support finding that transfer would be prejudicial.

I.  **The Legal Standard**

A Rule 41(a)(2) dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).  In deciding a Rule 41 motion, the court "should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Id.*  If not, the court "should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* The fact that the non-movant will face another lawsuit in a different forum generally does not establish legal prejudice. *Id.* at 137 n.3.

The court may grant a Rule 41 dismissal without prejudice "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).  "Evidence of expense incurred can of course support a discretionary award of attorney's fees and costs." *Elbaor*, 279 F.3d at 317 n.3.  But "the [non-movant] has the burden to demonstrate in a nonconclusory manner how it will be prejudiced." *Jaramillo v. State Farm Mut. Auto. Ins. Co.*, No. 23-cv-00935, 2024 WL 3104335, at *2 (W.D. Tex. Mar. 22, 2024) (citing *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010) (per curiam)).  A decision under Rule 41(a)(2) is within the court's discretion. *See Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007).

II.  **Analysis**

A.  **Dismissal With Prejudice**

Arceneaux contends that Listermann has given an "insufficient explanation . . . of the need to take a dismissal." (Docket Entry No. 7 at 4).  Arceneaux cites a case in which the plaintiff offered no explanation for the dismissal. *Lucero v. General Motors LLC*, No. 21-cv-02893, 2022 WL 16577308, at *4 (S.D. Tex. Nov. 1, 2022) ("The Court concludes that 'no' reason is certainly

2

an 'insufficient' reason."). In contrast, Listermann has given reasons for seeking dismissal without prejudice: (1) it has been less than five months after the incident; (2) the current scheduling deadlines would be challenging to meet given the injuries he suffered; and (3) he anticipates refiling in Louisiana. (Docket Entry No. 6 at 2–3). These reasons support granting voluntary dismissal without prejudice.

### B. Conditional Dismissal Without Prejudice

Arceneaux also argues that he would be prejudiced by dismissal without an award of attorney's fees and costs because (1) Listermann has not adequately explained his desire to refile in Louisiana and (2) the case has been pending in Texas courts for four months. (Docket Entry No. 7 at 5). Both arguments are unpersuasive. First, "there is no prohibition on voluntarily dismissing a federal case in order to refile it in state court." *Thompson v. Phillips 66 Co.*, No. H-23-1083, 2023 WL 7414567, at *3 (S.D. Tex. Nov. 9, 2023) (citing *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016)). Second, courts routinely allow voluntary dismissals without awarding attorney's fees and costs in litigation pending for longer than four months. *See e.g.*, *John M. Crawley*, 394 F. App'x at 79 (seven months); *Jaramillo*, 2024 WL 3104335, at *2 (same); *Martinez v. Phillips*, No. 3:23-cv-2249, 2024 WL 130410, at *2–3 (N.D. Tex. Jan. 11, 2024) (about six months).

Listermann moved to dismiss about four months after filing his complaint. No dispositive motions have been filed. Listermann is not attempting to cause excessive delays or avoid an adverse ruling. Arceneaux has not identified a basis to find legal prejudice or otherwise shown that he is entitled to the fees and costs incurred while the litigation has been pending in the Texas courts as a condition for dismissal without prejudice and likely refiling in Louisiana.

**III.     Conclusion**

Listermann's motion to dismiss without prejudice, (Docket Entry No. 6), is granted.

SIGNED on September 10, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge